Kirtlan G. Naylor   [ISB No. 3569]
Landon S. Brown   [ISB No. 9023]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, Idaho 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: kirt@naylorhales.com; landon@naylorhales.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SHANIZ WEST, an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL; CITY OF CALDWELL POLICE DEPARTMENT; FORMER CHIEF CHRIS ALLGOOD in his official and individual capacity; SERGEANT DOUG WINFIELD in his official and individual capacity; LIEUTENANT DEVIN RILEY in his official and individual capacity; and DOES I-X,<br><br>       Defendants. | Case No. 1:16-cv-359-REB<br><br>**DISCOVERY PLAN** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties, by and through their respective undersigned counsel, that, subject to the approval of the Court, the following discovery plan shall be adopted.

**DISCOVERY PLAN - 1.**

I. **Preservation**

    a. **Preservation & Proportionality**: The parties have applied the Rule 26(b)(1) proportionality standard to agree upon what information will be preserved and what information is not required to be preserved.

    b. **Electronically Stored Information (ESI)**: With regard to ESI, the parties agree that:

        i. **Date Range**: Only ESI created or received between August 8, 2014 and August 9, 2016 will be preserved;

        ii. **Scope of Preservation**: The parties agree to:

          1. Preserve the Following Types of ESI

            a. Documents; photos; videos; audio recordings; emails; police records; body cameras; mobile phones; and text and instant messaging to the extent that such messages still exist on the devices as of the date of this order.

          2. From the Following Custodians or Job Titles:

            a. Caldwell Police Department Chief; Captain Riley; Sgt. Winfield; Lt. Seevers; Cpl. Sperry; Det. Richardson; Shaniz West; Caldwell City Clerk; other relevant people employed by the city discovered during the discovery period.

          3. From the Following Systems, Servers, or Databases

            a. City of Caldwell Servers/Systems; Shaniz West personal computer.

        iii. **Preserved But Not Searched**: These data sources are not reasonably

accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

    1. Any system or network that is no longer in use that cannot be accessed.

    iv. **Not Preserved**: The sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. Voicemails, PDAs, automatically saved versions of documents, backup media created before August 8, 2014.

    v. **ESI Retention Protocols**: Going forward, the parties agree not to modify the document and ESI retention/destruction protocols of the city of Caldwell, but will preserve ESI from August 8, 2014 to August 9, 2016 based on the scope of preservation identified in paragraph II.b.ii.

    vi. **Cost Sharing**:

The parties agree to bear their own costs for preservation of e-discovery.

## II. Initial Disclosures

    a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on or before the following dates:

    (1) Plaintiffs: October 28, 2016.

    (2) Defendants: October 28, 2016.

## III. Scope of Discovery

    a. Scope: Discovery is necessary on the following subjects/issues:

    (i) For Plaintiff:

    1. Factual information from Defendants.

2. Chain of command.

3. Communications amongst Defendants and with Plaintiff.

4. Policies and Procedures.

5. Training.

(ii) For Defense:

6. Factual information from Plaintiff.

7. Damages.

8. Mitigation.

IV. **Discovery Boundaries**

a. **Limits**: The parties agree to limit the number of discovery tools as follows:

☒ Depositions: 10

☒ Interrogatories: 25

☒ Requests for Production: 50

V. **ESI**

a. **Proportionality**: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:

(3) from more than [8] key custodians;

(4) that was created more than 5 years before the filing of the lawsuit;

(5) from sources that are not reasonably accessible without undue burden or cost;

or

(6) for more than 160 hours, inclusive of time spent identifying potentially

**DISCOVERY PLAN - 4.**

responsive ESL collecting that ESL searching that ESL and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted

    b. **ESI File Format**: The parties agree to produce documents in the following file format[s]:

    ☒ PDF;

    ☐ TIFF;

    ☒ Emails in their native format;

    ☐ Paper.

    c. **ESI Production Format**: The parties agree that documents will be produced: [check any that apply]:

    ☒ with logical document breaks;

    ☒ as searchable;

    ☐ with load fields enabling review in common litigation databases such as Summation and Concordance;

    ☐ with metadata, and, if so, in the following fields:

    d. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

    ☐ Predictive coding (or technology assisted review);

    ☒ Keyword search;

**DISCOVERY PLAN - 5.**

☒ Other: Keyword search and/or specific search parameters, as agreed to pre-search by opposing counsel in writing.

e. **Search Methodology - Transparency**: The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: who performed the search, the search parameters used, and the time frame used for the search.

f. **General ESI Production vs. E-mail Production**: The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

g. **E-mail Custodian List Exchange**: On or before October 28, 2016, the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the 5 most significant listed e-mail custodians in view of the pleaded claims and defenses.

h. **Discovery Re E-mail Custodians, Search Terms & Time Frames**: Each requesting party may propound up to 5 written discovery requests and take 1 deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

i. **Form of E-mail Production Requests**: E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

j. **Limits on E-mail Production Requests- Custodians**: Each requesting party shall limit its e-mail production requests to a total of 5 custodians per producing party for all such

**DISCOVERY PLAN - 6.**

requests. The parties may jointly agree to modify this limit without the court's leave.

k. **Limits on E-mail Production Requests- Keyword Search Terms**: Each requesting party shall limit its e-mail production requests to a total of 10 keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

l. **Liaison**: Each party will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

VI. **Deadlines**

a. The deadline for the completion of fact discovery is: March 31, 2017.

b. The deadline for completion of expert witness discovery is: March 31, 2017.

VII. **Documents Protected From Discovery**

a. **Clawback**: Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

b. **Quick Peek**: The parties agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case.

**DISCOVERY PLAN - 7.**

c. **Post-Complaint Communications**: Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

VIII. **Protective Order**

a. The parties have agreed to the terms of a Protective Order to protect personal information and will submit that to the Court for its approval.

b. The parties understand that even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets with the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010)*.

| FISHER RAINEY HUDSON | NAYLOR & HALES, P.C. |
|---|---|
| By /s/ Vaughn Fisher<br>*Attorneys for Plaintiff* | By /s/ Kirtlan G. Naylor<br>*Attorneys for Defendants* |
| Dated: October 5, 2016 | Dated: October 5, 2016 |