Kirtlan G. Naylor   [ISB No. 3569]
Landon S. Brown   [ISB No. 9023]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, Idaho 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: kirt@naylorhales.com; landon@naylorhales.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANIZ WEST, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL; CITY OF CALDWELL POLICE DEPARTMENT; FORMER CHIEF CHRIS ALLGOOD in his official and individual capacity; SERGEANT DOUG WINFIELD in his official and individual capacity; LIEUTENANT DEVIN RILEY in his official and individual capacity; and DOES I-X,<br><br>      Defendants. | Case No. 1:16-cv-359-REB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants City of Caldwell and City of Caldwell Police Department and Defendants Chris Allgood, Doug Winfield and Devin Riley, in their individual capacities, by and through their attorneys of record, the law firm of Naylor & Hales, P.C., answer Plaintiff's Complaint and Demand for Jury Trial on file herein as follows:

**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1.**

1. The Defendants deny each and every allegation contained in Plaintiff's Complaint not herein specifically and expressly admitted. The Defendants reserve the right to amend this and any other answer or denial stated herein, once they have had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Complaint and Demand for Jury Trial.

2. Answering paragraph 1 of Plaintiff's Complaint, Defendants admit only that City of Caldwell law enforcement officers searched for Fabian Salinas at property rented by Plaintiff, that Plaintiff gave law enforcement officers her house key, and that West provided officers with permission to enter the house and apprehend Salinas. As to the remaining allegations in paragraph 1 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

3. Answering paragraphs 2-5 of Plaintiff's Complaint entitled "Jurisdiction and Venue," Defendants acknowledge that this Court has jurisdiction over properly pled federal questions of law pursuant to 28 U.S.C. §§ 1331, 1343 and may exercise supplemental jurisdiction over certain types of properly pled state claims pursuant to 28 U.S.C. § 1367(a); however, in making this acknowledgment, Defendants do not admit that any such matters are actually properly pled in Plaintiff's Complaint, or that the facts set forth in Plaintiff's Complaint actually justify the exercise of such jurisdiction. To the extent this Court has jurisdiction over these matters venue is proper.

4. Answering paragraph 6 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

5. Answering paragraph 7 of Plaintiff's Complaint, Defendants admit the allegation contained therein.

6. Answering paragraph 8 of Plaintiff's Complaint, to the extent that Plaintiff is contending that the Caldwell Police Department is a separate legal entity from the City of Caldwell, Defendants deny the allegation. The Caldwell Police Department is a department of the City of Caldwell and is not its own legal entity.

7. Answering paragraph 9 of Plaintiff's Complaint, this paragraph contains Plaintiff's designation of the parties and no answer is required.

8. Answering the first and third sentences of paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

9. Answering the second sentence of paragraph 10 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

10. Answering paragraphs 11 and 12 of Plaintiff's Complaint, Defendants admit the same.

11. Answering paragraph 13 of Plaintiff's Complaint, this paragraph identifies fictional defendants by using the name "Doe Defendants." To the extent that this paragraph makes any allegations against Defendants, Defendants deny the allegations contained therein.

12. Answering paragraphs 14 and 15 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

13. Answering paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

14. Answering paragraph 17 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

15. Answering paragraph 18 of Plaintiff's Complaint, Defendants admit only that law enforcement officers from the Caldwell Police Department were dispatched to Plaintiff's residence.

16. Answering paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

17. Answering paragraph 20 of Plaintiff's Complaint, Defendants admit only that Plaintiff provided law enforcement with the key to her home and gave permission for the officers to enter the home to apprehend Salinas.

18. Answering paragraph 21 of Plaintiff's Complaint, Defendants admit only that Plaintiff provided law enforcement officers with consent to enter her home and apprehend Salinas.

19. Answering paragraph 22 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

20. Answering paragraph 23 of Plaintiff's Complaint, Defendants admit that after learning Salinas was likely in the house, law enforcement officers attempted to secure the perimeter and to establish communications with Salinas in an attempt to peacefully apprehend him.

21. Answering paragraph 24 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

22. Answering paragraph 25 of Plaintiff's Complaint, Defendants admit only that at approximately 3:00 p.m., the Caldwell Police Department SWAT team was notified that it was being requested to respond to a barricaded subject inside a residence.

23. Answering paragraph 26 of Plaintiff's Complaint, Defendants admit that law enforcement officers from the Caldwell Police Department deployed tear gas into the home in an attempt to peacefully apprehend Salinas. Thereafter, law enforcement officers breached and entered the house to search for Salinas. Defendants deny the characterizations of Plaintiff's allegations in this paragraph.

24. Answering paragraphs 27 and 28 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

25. Answering paragraph 29 of Plaintiff's Complaint, which purports to reassert and incorporate prior allegations, to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference the prior responses to all of such allegations.

26. Answering paragraphs 30-36 of Plaintiff's Complaint, these allegations appear to contain Plaintiff's legal conclusions, and to the extent a response is required, Defendants deny said allegations.

27. Answering paragraphs 37-38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

28. Answering paragraph 39 of Plaintiff's Complaint, which purports to reassert and incorporate prior allegations, to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference the prior responses to all of such allegations.

29. Answering paragraphs 40-46 of Plaintiff's Complaint, these allegations appear to contain Plaintiff's legal conclusions, and to the extent a response is required, Defendants deny said allegations.

**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 5.**

30. Answering paragraphs 47-48 of Plaintiff's Complaint, Defendants are presently without sufficient information, knowledge, or belief upon which to admit or deny the allegations, and so deny the allegations contained therein.

31. Answering paragraph 50 of Plaintiff's Complaint, which purports to reassert and incorporate prior allegations, to the extent any response is required to such allegations, Defendants reassert and incorporate by this reference the prior responses to all of such allegations.

32. Answering paragraph 51-53 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Plaintiff's Complaint contains what is commonly referred to as the Plaintiff's "Costs and Attorney Fees," to the extent any answer is required thereto, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to any costs and attorney fees.

34. Plaintiff's Complaint contains what is commonly referred to as the Plaintiff's "Prayer for Relief," to the extent any answer is required thereto, Defendants deny the allegations contained therein, deny that the Plaintiff has stated any valid cause of action, or that the Plaintiff is entitled to any of the relief requested therein.

## FIRST DEFENSE

That Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's Complaint and therefore requests the Court to permit Defendants to amend its Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

## SECOND DEFENSE

That the Plaintiff's Complaint fails to state a cause of action against the Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

That some or all of the Plaintiff's claims are barred by payment.

## FOURTH DEFENSE

That the Plaintiff's injuries and damages, if any, were proximately caused by the negligent or careless misconduct and acts or omissions of other persons or entities not parties to this action, for whom the Defendants have no legal relationship with or responsibility.

## FIFTH DEFENSE

That the Plaintiff is not the real party in interest as respects some or all of Plaintiff's claims for damages, contrary to the provisions of Rule 17 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

That the Plaintiff has failed to act reasonably or to otherwise mitigate Plaintiff's damages, if any.

## SEVENTH DEFENSE

That the allegations contained in the Plaintiff's Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the Plaintiff's Complaint.

## EIGHTH DEFENSE

That, to the extent that the Plaintiff is asserting any claims based upon state law, Defendants request that this Court abstain from deciding such matters.

## NINTH DEFENSE

That the Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, it owed under the rules, regulations, statutes, ordinances, customs, policies and usages of the City of Caldwell, the State of Idaho and/or the United States of America.

## TENTH DEFENSE

To the extent that the Plaintiff is asserting state law claims, the liability, if any, of the Defendants for any state law claims or causes of action is limited pursuant to the provisions of the Idaho Tort Claims Act. In asserting this defense, Defendants are in no way conceding or admitting liability.

## ELEVENTH DEFENSE

To the extent that the Plaintiff is asserting state law claims against Defendants, some or all of such claims are barred since they arise out of and/or stem from activities for which the Defendants are immune from liability by virtue of the provisions of the Idaho Tort Claims Act.

## TWELFTH DEFENSE

That Defendants are immune from liability because the acts or omissions complained of, if any, were done by said Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

### THIRTEENTH DEFENSE

That the Plaintiff's Complaint fails to state a claim for relief against the Defendants entitling the Plaintiff to either punitive damages or equitable relief.

### FOURTEENTH DEFENSE

That the Defendants are immune from liability for punitive damages, if any, by state and federal law and/or court rulings.

### FIFTEENTH DEFENSE

That the Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

### SIXTEENTH DEFENSE

That some or all of the acts or omissions complained of by the Plaintiff against Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of any civil rights.

### SEVENTEENTH DEFENSE

That the force used, if any, by Defendants, was reasonable and necessary under the circumstances and any injury or damages allegedly suffered by the Plaintiff was due to and caused by reason of the Plaintiff's own acts and conduct, rather than any act or conduct by Defendants.

### EIGHTEENTH DEFENSE

The damages, if any, as alleged by the Plaintiff were caused by the superseding, intervening conduct of other entities or individuals.

## NINETEENTH DEFENSE

That Plaintiff has failed to comply with the bonding requirement set forth in Idaho Code § 6-610.

## TWENTIETH DEFENSE

That Defendants are immune, or have qualified immunity, to the allegations contained in the Plaintiff's Complaint.

## JURY DEMAND

Defendants, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands a trial by jury of the Plaintiff's action for damages.

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1. That the Plaintiff's Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2. That the Defendants be awarded their costs, including reasonable attorneys' fees pursuant to federal and state law and applicable Rules of Civil Procedure.

3. That judgment be entered in favor of Defendants on all claims for relief.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 6th day of October, 2016.

NAYLOR & HALES, P.C.

By /s/ Kirtlan G. Naylor, Of the Firm
Attorneys for Defendants
E-mail: kirt@naylorhales.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- **Vaughn Fisher, Rebecca Rainey, Christopher Brown**, Attorneys for Plaintiff
  vaughn@frhtriallawyer.com; rar@frhtriallawyer.com;
  chrs@frhtriallawyer.com

By /s/ Kirtlan G. Naylor